[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE: DEFENDANT'S MOTION IN LIMINE AND MOTION TO PRECLUDE
I.
CT Page 3470
MOTION IN LIMINE #114.00
The defendant in this dissolution action has made a motion in limine to exclude from the trial all evidence concerning his interest in a certain trust created prior to the parties' marriage. The plaintiff opposes this motion; the plaintiff has asked the court for an opportunity to provide evidence that the defendant's trust interest has a present value which should be included in the marital estate. This matter was argued to the court at the motion short calendar on April 1, 1996.
The undersigned believes that under the circumstances of the present record, that it is more appropriate for the trial judge to decide the motion in limine. While the defendant asks this court to decide his motion based upon, essentially, an examination of the trust instrument alone in the context of statutory and case law, such a ruling now will foreclose the plaintiff from the opportunity of developing a record. The record may or may not demonstrate why the evidence of the defendant's interest in the trust is admissible. The plaintiff has argued that she is prepared to offer expert evidence that the trust interest does have a value or benefit to the defendant. The plaintiff has also posited that certain extrinsic circumstances (e.g. the defendant's appointment of his brother as the successor trustee and the brother acting as advisor to the plaintiff) may be significant in that regard.
The plaintiff should be given an opportunity to create an adequate record to support her claim. While this could be done inlimine, it is more appropriate to do so at the time of trial. As aptly stated by our Supreme Court in State v. Binet, 192 Conn. 618,624 (1984), "in this case, the record before the court at that time [of the hearing on the motion in limine] could hardly provide it with a solid basis upon which to grant the defendant's motion." [Brackets added] Binet, supra at 624. None of the foregoing is intended to suggest what the trial court may find necessary to hear or consider. Accordingly, the defendant's motion in limine is denied, without prejudice.
 II. MOTION TO PRECLUDE #116.00
The defendant also has moved to preclude, with prejudice, the testimony of any expert not previously disclosed, under C.P.B. CT Page 3471 § 220D. The defendant previously secured a preclusion order without prejudice (Ryan, J.) on February 20, 1996; the defendant now asks this court to make this ruling with prejudice. Such an order requires the court to find facts supporting conclusions of undue prejudice to the defendant, undue interference with the progress of the trial, or bad faith on the part of the plaintiff. The plaintiff puts at risk the use of her experts if they are not timely disclosed. However, this court chooses not to depart from Judge Ryan's prior order. The defendant's motion to is again granted, without prejudice.
JOHN F. KAVANEWSKY, JR. JUDGE